# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:  James Cole                                    Docket No.: 4:18CR00949-1 HEA

Name of Sentencing Judicial Officer: The Honorable Henry E. Autrey
                                     United States District Judge

Date of Original Sentence: January 7, 2020

Original Offense: Count 2: Felon in Possession of a Firearm

Original Sentence: 12 months and one day imprisonment and 2 years supervised release

Type of Supervision: Supervised Release        Date Supervision Commenced: February 25, 2020
                                                      Expiration Date: February 24, 2022

Assistant U.S. Attorney: Paul Joseph D'Agrosa        Defense Attorney: James W. Schottel, Jr.

## PETITIONING THE COURT

[X]    To issue a warrant

The probation officer believes that the offender has violated the following conditions of supervision:

### Violation Number

Mandatory Condition No.1: You must not commit another federal, state or local crime.

Standard Condition No.10: You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

### Nature of Noncompliance

On June 25, 2020, the offender was arrested by the North County Police Cooperative in St. Louis, Missouri (Complaint #20-01503PL). According to the Incident Report, Cole was driving a black 2007 Ford 500 Sedan with Missouri registration FN1C4G. When the responding police officer activated his emergency equipment to pull the offender over, Cole failed to stop the vehicle and continued to travel until he reached 6215 Creston Avenue, St. Louis, Missouri. Cole was asked for his identification and he advised he did not have any. (It is noted that Cole does not have a valid driver's license). The passenger in the vehicle was Cole's girlfriend, who later advised this probation officer that the vehicle was hers. An odor of marijuana was detected, and the offender stated the smell was because his girlfriend smokes

"weed." His girlfriend confirmed marijuana was present in the vehicle. Cole consented to a vehicle search and two .40 caliber handguns were located in the glove compartment of the vehicle. One pistol was a .40 caliber Smith and Wesson M&P Shied, serial number JDA5668, with seven (7) rounds in the magazine and one in the chamber of the gun.

The other pistol was a .40 caliber Springfield Arms XD sub-compact, serial number GM170818, with nineteen (19) rounds in an extended magazine and one in the chamber of the gun. This firearm was confirmed as stolen. Cole initially denied knowledge that the firearms were in the glove box, but then admitted both guns were his. No marijuana was located in the vehicle.

Cole was initially arrested by the Vinita Park Police Department under RSMO 571.070 Unlawful Use of a Weapon, subsection 1, RSMO 570.030 Stealing Firearm, RSMO 304.022 Failure to Yield to an Emergency Vehicle, RSMO 301.020 Failure to Register with DOR Annually, and RSMO 302.321 Driving While Suspended. The Circuit Court of St. Louis County for the State of Missouri charged Cole in a criminal complaint (case number 20SL-CR02855) with Unlawful Possession of a Firearm, a Class D Felony, for possession of the .40 caliber Springfield Arms XD sub-compact firearm. This case is currently pending. Cole is not in custody at this time as he posted a $25,000 (10%) bond. According to the criminal Complaint, Cole admitted ownership of one of the handguns and his girlfriend claimed ownership of the other firearm.

On June 29, 2020, Cole's girlfriend contacted this officer and stated both firearms in the vehicle belonged to her. She said one firearm is registered to her and the other was purchased from a store known to sell stolen guns. She advised Cole was driving her car with the firearms in the glovebox to pick her up from work. She said the guns were locked in the glovebox and she did not tell Cole they were there. She also stated that she was driving the vehicle when they were pulled over by the police and Cole was not the driver as reported by the police officers.

On July 2, 2020, Cole was interviewed by this officer and advised he posted bond the night before after being in custody since June 25, 2020. He denied knowledge that either firearm was in the glovebox of his girlfriend's car. He stated his next Court date is August 26, 2020.

**Violation Number**

Mandatory Condition No. 3: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

Special Condition: You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

**Nature of Noncompliance**

The offender failed to report for substance abuse testing as directed on the following dates: March 20, May 22, May 28, June 19, July 27, and July 29, 2020.

2

On March 23, 2020, Cole was interviewed about his missed drug test on March 20, 2020. He stated that the drug testing line told him there is no drug testing due to COVID-19. It was explained to him that drug testing is suspended as of this date due to COVID-19 but he is to continue calling daily so he is aware when it resumes. On May 12, 2020, Cole was reminded to continue calling the drug testing line daily as testing will resume on May 15, 2020.

On May 28, 2020, Cole was interviewed and advised he failed to report for drug testing as directed on May 22 and May 28 due to not having a personal cell phone.

On June 23, 2020, Cole was interviewed and said he forgot to call the drug testing line during the directed time frame for drug testing on June 19, 2020.

On July 30, 2020, Cole was interviewed and said he did not go to drug testing because he could not find a ride.

**Violation Number**

Standard Condition No. 6: You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

**Nature of Noncompliance**

On July 9, 2020, the offender was not at his residence for a scheduled visit with the probation officer.

On July 9, 2020, Cole was interviewed and stated he forgot about his home visit appointment.

**Violation Number**

Special Condition: You must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

**Nature of Noncompliance**

The offender failed to report for substance abuse treatment as directed on April 14, April 28, May 12, May 13, May 27, June 24, July 8, and July 24, 2020.

On April 21, 2020, Cole was interviewed and advised he could not attend treatment virtually via zoom on April 14, 2020, due to phone issues. He is using his cousin's phone and his cousin will not allow him to use zoom on his phone. He said he will set up zoom prior to his next group on April 28, 2020.

On April 28, 2020, Cole called his treatment provider for a virtual session but was not fully available as he was in a vehicle with other people present. He was reminded to secure a private location for telehealth sessions prior to his scheduled group time.

On May 13, 2020, Cole was interviewed and advised he failed to go to treatment on May 12, 2020, because he forgot. He was directed to contact his treatment provider to reschedule.

On June 25, 2020, Cole was interviewed and advised he was never informed of his June schedule. After contacting his treatment provider and investigating further, it was determined that after Cole failed to appear for his scheduled treatment on May 12, 2020, he was sent a text message from Risse Counseling Services advising he was moved to the Wednesday night groups on the 2nd and 4th week of each month. Cole advised he did not receive that text message and he never followed up with Risse Counseling to reschedule after failing to go as scheduled on May 12, 2020.

On July 23, 2020, Cole was interviewed and said he did not go to treatment on July 8, 2020 because he was not told where or when to go to treatment. On July 30, 2020, Cole stated he did not feel comfortable going to treatment due to the COVID-19 pandemic.

**Previous Violations**

On March 13, 2020, a violation report was submitted to the Court addressing the offender's illegal use of marijuana and failure to provide truthful information to his probation officer. To address his violation conduct, he was verbally reprimanded and referred for random drug testing and outpatient substance abuse treatment services.

James Cole
4:18CR00949-1 HEA

**U.S. Probation Officer Recommendation:** It is respectfully recommended that a warrant be issued for Cole's arrest and his supervised release be revoked.

Based on the circumstances outlined in Cole's recent arrest and given that this is his fourth arrest for a firearms related case, it appears he poses a continued and present threat to the community.

The Supervised Release should be

    [X]  revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 4, 2020

Approved,

by *Jennifer Lee Parker*

Jennifer L. Parker
Supervising U.S. Probation Officer
Date: August 5, 2020

Respectfully submitted,

by *Hillary Wilburn*

Hillary Y. Wilburn
U.S. Probation Officer
Date: August 4, 2020

---

THE COURT ORDERS:

☐     No Action
☒     The Issuance of a Warrant
☐     The Issuance of a Summons
        Appearance Date:
        Appearance Time:
        Courtroom Number:
☐     Other

*Henry Edward Autrey*

Signature of Judicial Officer

8/5/2020
Date